FILED'11 MAY 23 16:24USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH CUNNINGHAM        )
                            )   CASE NO. 10-6109-HO
            Plaintiffs,     )
                            )
    vs.                     )   ORDER
                            )
CHRISTIAN SPENS,            )
                            )
            Defendant.      )
_____)

Introduction

Plaintiff Elizabeth Cunningham appearing *pro se* brings this suit against defendant Christian Spens[1] under 42 U.S.C. §1983, alleging violation of her First Amendment constitutional rights and seeking unspecified damages. [#2]. Defendant Spens moves for summary judgment seeking to dismiss all plaintiff's claims. [#20].

The court notes that defendant acknowledges failing to

---

[1] Plaintiff appears to bring this action against defendant Spens in his official capacity as a member and chair of the Board of Commissioners for the Housing Authority of Douglas County, Oregon(HADCO).

ORDER - p.1

"adequately confer" with plaintiff, offering as explanation "there [wa]s nothing to suggest she would have been more amenable to dismissing her claim based on defendant's affirmative defenses." [#39-p.6]. Local Rule 7-1(a) states:

> (1) Except for motions for temporary restraining orders, the first paragraph of every motion must certify that:
>   (A) The parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so; or
>   (B) The opposing party willfully refused to confer; or
>   (C) The moving party or opposing party is a prisoner not represented by counsel.

The Local Rule contains no exception to the duty to confer for a belief that the opposing party will not be "amenable to dismissing" their claim. [#39-p.6]. This duty is never more important than when a represented party is conferring with a *pro se* litigant. A good faith effort anticipates a sincere attempt to resolve the differences between the parties and requires more than a summary statement to "let me know if you are willing to agree to the dismissal of your claims." [#36-Ex.A].

Discussion

**A. Background:**

Because neither party submitted a concise statement of material facts nor enumerated the facts submitted in pleadings, it is somewhat difficult to ascertain those expressly or implicitly admitted and/or denied. The following facts are therefore derived from the parties' statements and accompanying admissible evidence, which are either undisputed or framed in the light most favorable

ORDER - p.2

to plaintiff, the nonmoving party.

The Housing Authority of Douglas County, Oregon(HADCO), was created in 1944 and is charged with overseeing low-cost housing in Douglas County, Oregon. HADCO housing programs include; (1) Section 8 housing choice voucher administration; (2) acting as landlord for approximately 154 low income public housing units in Reedsport, Yoncalla, Roseburg, Winston and Riddle; (3) administering the local Family Self Sufficiency program; and (4) overseeing six multi-family affordable housing complexes with a total of 268 units. [#21-p.3].

Plaintiff Cunningham is a Douglas County resident, is not a client of HADCO but frequently attends HADCO meetings at which she "present[s] her views on the manner in which HADCO operates." [#35-p.2]. Plaintiff's daughter Jamie Sanchez serves on the HADCO board. [#37]. Plaintiff complains that while chairing the December 3, 2009, HADCO meeting, defendant Spens "deprived plaintiff of her rights to free speech and to redress her grievances" before HADCO and by making "derogatory comments" about plaintiff. [#2-p.4].

Defendant Spens was appointed to the Board of Commissioners for HADCO in September 2004, and served as Board Chair beginning in April 2006. [#21-p.3]. Defendant resigned as chair in April 2009, however, he volunteered to serve as chair at subsequent meetings including the December 3, 2009 meeting of which plaintiff

ORDER - p.3

complains. [#2; #21-p.4-5; #35].

At the December 3, 2009, HADCO meeting during consideration of an agenda item about the process for board recommendations to the Douglas County Commissioners for HADCO board appointments, plaintiff indicated her desire to speak. [32; #21-p.5; #35]. Defendant Spens refused to allow plaintiff to speak at that time stating: "Betsy hold on. You can comment during public comment . . . ." [#22-Ex.2-p.5]. During the agenda item discussion immediately previous to this agenda item discussion, Joy Mayorga (an HADCO client), had been allowed to comment and participate in the board's discussion. [#21-p.5; #38]. Plaintiff objected to being asked to comment at a later time and challenged defendant's authority to chair the meeting. [#40-Ex. 2, pp. 47-49]. After a brief exchange between plaintiff and various board members, defendant abruptly left the meeting saying "have a good meeting." [#40-Ex.2, p.48]. The meeting then ended for lack of a quorum. [#22-Ex.2, pp. 5-7].

Plaintiff and defendant have also exchanged emails and letters. [#24-Ex.1; #22-Ex.3]. In these communications, plaintiff has expressed her displeasure with how defendant has conducted HADCO business, asking him "[w]hy you are still on HADCO's Board of Commissioners?" [#22-Ex.3]. While defendant has, for example, in a letter dated February 26, 2008, expressed his opinion that plaintiff's behavior at board meetings is disruptive and:

ORDER - p.4

> " . . . loud, confrontational, argumentative, hostile and threatening. . . .You have threatened this board with litigation at practically every meeting in which you attended and through correspondence. You even provided a Commissioner with an unwelcome escort to her vehicle ultimately inserting a letter through the vehicle window resulting in a very uncomfortable feeling for this board member." ". *Id.* [#24-Ex.1-p.2].

### B. Standard of Review:

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of genuine issues of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the favor of the nonmoving party. *Id.*

### C. Defendants' Motion for Summary Judgment:

Defendants move the court to grant summary judgment dismissing all plaintiff's claims arguing that: (1) plaintiff's rights have not been violated; (2) any claims based on events prior to April 30, 2008 are time-barred; (3) it is permissible for officials in a public meeting to limit discussion to agenda topics and to limit the length of time for individual comment and (4) defendant is entitled to qualified immunity   [#21; #39].

Plaintiff counters that public officials cannot legally

regulate a meeting so that specific individuals are prohibited from speaking and are not qualifiedly immune for failure to perform their duty as a member of a public governing body or for violating a member of the public's constitutional rights. [#35].

1.  Qualified Immunity:

Public officials are entitled to qualified immunity for acts that do not violate "clearly established ... constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, the Court has discretion in applying one or both steps of a two-step inquiry set out in *saucier v. Aktz,* 533 U.S. 194, 201 (2001).

The two-step inquiry considers whether the plaintiff has alleged a violation of a constitutional right and/or whether the right at issue was "clearly established" at the time of the alleged misconduct. *Pearson v. Callahan,* 129 S.Ct. 808, 815-16 (2009). To be considered "clearly established" for the purposes of qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton, 483 U.S. 635, 640 (1987).*

Plaintiff's claim fails the second inquiry –her constitutional right under the First Amendment to speak when she chose was not clearly established. Whether a claimed right is clearly

ORDER - p.6

established "focus[es] upon the right not in a general, abstract sense, but rather in a practical, 'particularized' sense." *Moran v. State of Wash.*, 147 F.3d 839, 844 (9th Cir. 1998). Defendant requested that plaintiff wait until the public comment period of the meeting to address the board. A reasonable official would not consider limiting plaintiff's testimony/comments to a later public comment period in the same meeting to be violating plaintiff's First Amendment rights.

"Citizens are not entitled to exercise their First Amendment rights whenever and wherever they wish." *Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 269 (9th Cir.1995). Thus, the Ninth Circuit has held that "limitations on speech at [city council and agency] meetings must be reasonable and viewpoint neutral, but that is all they need to be." *Id.* at 271. In fact, the Ninth Circuit has long recognized that First Amendment rights of expression are more limited during a meeting than in a public forum, such as, for example, a street corner. *Norse v. City of Santa Cruz,* 586 F.3d 697, 699 (9th Cir. 2009). The interpretation and the enforcement of rules during public meetings are highly discretionary functions. *Id.*(citing *White v. City of Norwalk*, 900 F.2d 1421, 1426 (9th Cir. 1990)) A public body is not prohibited from limiting discussion at public meetings to those subjects that it believes will be illuminated by the views of others and in trying to best serve its informational needs while rationing its time. *White,* 900 F.2d at

ORDER - p.7

1425.

Defendant's decision to limit plaintiff to commenting during the public comment portion of the meeting was not unreasonable or based on content.  Accordingly I find that defendant did not violate plaintiff's constitutional rights and even if he had, it would not have been clear to a reasonable person in defendant's position that such restriction was unlawful and thus defendant is entitled to qualified immunity.

## Conclusion

Based on the foregoing, defendants' motion for summary judgment [#20] is GRANTED.  This action is dismissed.

IT IS SO ORDERED.

DATED this 23rd day of May, 2011.

*Michael R. Hogan*
United States District Judge